CV 2020 2246

Stallings

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

(1)  **THE GREEN ROOM SOUL
     FOOD STEAKHOUSE, LLC;**

(2)  **STEVEN BUTLER,** *as
     Taxpayer, residing in
     Oklahoma County, State of
     Oklahoma for ALL
     TAXPAYERS of OKLAHOMA
     COUNTY, OKLAHOMA;*

(3)  **MARK FAULK,** *as a
     Taxpayer, residing in
     Oklahoma County, State of
     Oklahoma for ALL
     TAXPAYERS of OKLAHOMA
     COUNTY, OKLAHOMA;*

(4)  **ADRIANA LAWS,** *as
     Taxpayer, residing in
     Oklahoma County, State of
     Oklahoma for ALL
     TAXPAYERS of OKLAHOMA
     COUNTY, OKLAHOMA;*

                **Plaintiffs,**

v.

(1)  **BRIAN MAUGHAN,** *in his
     official capacity as District 2
     County Commissioner and
     member of the Board of
     County Commissioners;*

(2)  **KEVIN CALVEY,** *in his
     official capacity as District 3
     County Commissioner and*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

NOV - 2 2020

RICK WARREN
COURT CLERK
34_____

Case No. **CV - 2020 - 2246**

**ORIGINAL VERIFIED**

*member of the Board of*
*County Commissioners;*

(3)  **THE OKLAHOMA**
**CRIMINAL JUSTICE**
**AUTHORITY, in its official**
**capacity; aka "THE JAIL**
**TRUST;"**

(4)  **BOARD OF COUNTY**
**COMMISSIONERS OF THE**
**COUNTY OF OKLAHOMA;**

(5)  **TRICIA EVEREST, in her**
**official capacity as the Chair**
**of the Oklahoma County**
**Criminal Justice Authority**
**(The "Jail Trust");**

(6)  **GREG WILLIAMS,** *in his*
*official capacity as CEO and*
*Jail Administrator of the*
*Oklahoma County Criminal*
*Justice Authority;*

**Defendants.**

## VERIFIED PETITION FOR EMERGENCY TEMPORARY RESTRAINING ORDER AND DECLARATORY AND INJUNCTIVE RELIEF

**COMES NOW,** the Plaintiffs by and through their attorneys of record

**ROBERT D. GIFFORD, II** of **GIFFORD LAW, P.L.L.C.,** and for the

causes of action against the Defendants, hereby state its claims for

declaratory and injunctive relief against the Defendants, and in accordance

with title 12 Okla. Stat. §§ 1381 *et seq.*, seeks by contemporaneously filed

2

motion a temporary restraining order for such period of time until the Court may afford the parties a hearing on such motion for entry of a temporary injunction. For its causes of action against Defendants, the Plaintiffs allege, and state as follows:

## SUMMARY

*It allows us to spend the large majority of our CARES Act funds without having to account for how they're spent.*
Commissioner Kevin Calvey[1]

This is petition seeks judicial intervention by entering an injunction and declaratory judgment that the Oklahoma County Criminal Justice Authority ("OCCJA" or "Jail Trust") was unlawfully created when it failed to follow Oklahoma's law on the formation of a jail trust. Next, that even if lawfully created, it became null and void when a mandatory member, Oklahoma County Sheriff P.D. Taylor resigned from the Jail Trust and no designee was appointed. And finally, the Court is asked to intervene on behalf of the taxpayers of Oklahoma County to enjoin the unlawful distribution of the entirety of Coronavirus Aid, Relief, and Economic Security Act (CARES Act) of 2020 funds (CARES monies) of over $40 million solely to the Oklahoma Detention Center.

---

[1] https://www.news9.com/story/5f6a882b54bba00ba4d82467/das-office-weighs-in-on-sending-jail-covid-relief-funds-through-sheriffs-office

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff **THE GREEN ROOM SOUL FOOD STEAKHOUSE, LLC,** is a restaurant located in the city of Spencer within Oklahoma County that is incorporated under the laws of Oklahoma and was forced to cease operations during the COVID-19 pandemic and was refused any assistance of CARES funds that would have been made available in another county. The City of Spencer did not receive as large CARES Act funding as the City of Oklahoma City, thus businesses such as these would need to seek funding from the County as was done in Tulsa County.

2. Plaintiff **STEVEN BUTLER**, is a resident and taxpayer of Oklahoma County, and has an interest in seeing the laws of Oklahoma and the United States interpreted and applied appropriately. He is also is/was the sole proprietor of **THE GREEN ROOM SOUL FOOD STEAKHOUSE, LLC. BUTLER** has standing to seek a declaratory judgment pursuant to 12 O.S. 1651, *et seq.* regarding proper disbursement of taxpayer funds via the CARES Act and in the operations of the county jail.

3. Plaintiff **MARK FAULK**, is a resident and taxpayer of Oklahoma County, and has an interest in seeing the laws of Oklahoma and the United States interpreted and applied appropriately.

4

4. Plaintiff **ADRIANA ISIS**, is a resident and taxpayer of Oklahoma County, and has an interest in seeing the laws of Oklahoma and the United States interpreted and applied appropriately.

5. Defendant **BRIAN MAUGHAN**, is the duly elected County Commissioner for District 2 of Oklahoma County, and was the deciding vote to place co-Defendant Commissioner **KEVIN CALVEY** on the Jail Trust and voted to remove all CARES Act funding from availability from the people of Oklahoma County to the sole use of the county jail.

6. Defendant **KEVIN CALVEY** is the duly elected County Commissioner for District 2 of Oklahoma County, orchestrated the creation of the "Jail Trust" and was one of the only two votes to move all CARES Act funding into the "Jail Trust."

7. Defendant **OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY**, also known as **JAIL TRUST**, is a public trust established in 2019 by a unanimous vote of the Board of County Commissioners of Oklahoma County ("BOCC"). The **JAIL TRUST** is the lessee in a Lease Agreement to which the BOCC is the lessor, in which the **JAIL TRUST** is granted the authority to operate the Oklahoma County Detention Center, subject to certain conditions. The **JAIL TRUST** is named Defendant in its individual capacity only.

5

8. Defendant **BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF OKLAHOMA** (Oklahoma County) is a local governmental entity organized under the laws of the State of Oklahoma. It owns, operates, controls, and creates policy concerning the use of county property, including the Oklahoma County Detention Center, which is located in Oklahoma City, Oklahoma County, Oklahoma.

9. Defendant **TRICIA EVEREST** is the Chair of the **OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY**, also known as **JAIL TRUST**. **EVEREST** oversees the implementation of those decisions of the JAIL TRUST, including all matters regarding the use of the CARES Act monies. **TRICIA EVEREST** is sued only in her official capacity.

10.     **GREG WILLIAMS**, is the CEO and Jail Administrator of the Jail Trust and is sued only in his official capacity.

11.     Venue in this action is proper under 12 O.S. § 131.

## GENERAL ALLEGATIONS

12.     In the State of Oklahoma, a County may make create a "jail trust" pursuant to a specialized statute found at 19 Okla. Stat. 904.1 and is done so by the vote of the people of that County.

6

13.     Despite the state law, the **OKLAHOMA COUNTY CRIMINAL JUSTICE AUTHORITY** ("**JAIL TRUST**") was created in 2019 pursuant to a different, more generalized statute, 60 Okla. Stat. 176, that allows for its creation with only 2/3rd of the vote of the County Commissioner (as opposed to a vote by the electorate).

14.     The **JAIL TRUST** was planned with the intention of taking over operations of the County Jail from the Oklahoma County Sheriff after years of neglect and human rights violations that placed it under investigation by the U.S. Department of Justice.  To date, no federal defendants pending trial in the federal court in Oklahoma City are allowed to be kept there.  Those federal inmates are housed in Counties as far away as Grady County and Payne County, rather than down the street in the Oklahoma County Detention Center.

15.     In the Summer of 2019, the Board of County Commissioners (BOCC) voted to create the **JAIL TRUST**. The central argument for the creation of the Jail Trust was to bring in an outside independent body  was needed to solve many of the long-standing issues with the Oklahoma County Jail.

16.     On July 1, 2020, the **JAIL TRUST** officially assumed control of the Oklahoma County Detention Center, but there remains uncertainty and tension in both its authority and its body.

7

17.     One example of the problems with the newly formed **JAIL TRUST** disputes between the Sheriff and the Jail Trust was over contracts. These included the service contracts for telephones, commissary and medical services that account for nearly 20% of the jail's budget. Both the phone and commissary include shockingly high fees and commissions (kickbacks) for the jail that are passed on the families of the incarcerated, often people being held pretrial because they cannot afford bail. The medical provider, Turnkey, part owned by State Representative Jon Echols, was forced to answer how mental health emergencies were to be dealt with at a September 21st meeting.

18.     Notably, one of the members of the Jail Trust is appointed from the Board of County Commissioners (BOCC). While Commissioner Carrie Blumert ran on a platform of criminal justice reform in her 2018 election, has the background in providing social services and was the main point person who put together the MAPS 4 proposal on mental health, it was Commissioner **KEVIN CALVEY** was who got appointed by the deciding vote by Commissioner **BRIAN MAUGHAN**.

19.     The current members of the Jail Trust are: **KEVIN CALVEY**, County Commissioner, P.D. Taylor, Oklahoma County Sheriff, Francie Ekwerekwu, District 1, Ben Brown, District 2, Todd Lamb, District 3,

8

Sue Ann Arnall, At-Large, M.T. Berry, At-Large, Jim Couch, At-Large, Vice-Chair, and **TRICIA EVEREST**, At-Large, Chair.

20.     At the end of August and early September 2019, the **JAIL TRUST**, in its form and make-up, under its own rule, should have become null and inoperable when a mandatory member, Oklahoma County Sheriff P.D. Taylor, resigned from the Jail Trust and no designee was appointed. Despite this requirement, the **JAIL TRUST** continued to operate.

21.     As a part of the **JAIL TRUST**, a "lease" would be implemented to rent the County owned building.   On May 27, 2020, Commissioner **KEVIN CALVEY** expressed concerns about transparent about the operations of the Jail Trust.

> From: Kevin Calvey
> Subject: Suggested changes to lease
> Date: May 27, 2020 at 8:44:09 AM
> To: Tricia Everest
>
> Tricia, I have some suggested changes to the lease. There is an incorrect end date listed early. I don't know that we want to list the district attorney specifically as a recipient of notices at the end. And I don't know that we want to specifically mention all the particular jail standards that we will have to comply with. To list them all would allow anyone suing us and the DA to nit pick us to death. It is enough legally to say we will comply with the trust indenture. I may bring these things up as we deliberate on the lease this morning at our commission meeting.

22.     On August 10th, a series of emails between **JAIL TRUST** Chairwoman **EVEREST** and Commissioner **KEVIN CALVEY** confirm he was considering transferring all the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) of 2020 funds to the jail.   It also

shows that he intends to effectively launder the money using

emergency CARES funding to replace previously budgeted funds.

> From: Kevin Calvey
> Subject: Re: Treasury Clarification
> Date: Aug 10, 2020 at 3:51:48 PM
> To: Tricia Everest
>
> This is to cover us on the 1st step. Which is simply using Cares Act to pay
> the County back for the budgets of the jail trust and sheriff. The capital
> expenditures after that are Step 2, only after the 1st step has made the
> funds compliant with the Cares Act. Once we are compliant with the
> Cares Act, Step 1, we can spend the then-blessed funds however the
> County chooses, including capital expenditures.
>
> On Mon, Aug 10, 2020, 3:39 PM Tricia Everest
> wrote:
> Commissioner,
>
> At first glance I can see it for employees not necessarily for capital.
> I will look more closely with a better eye later today.
>
> Tricia L. Everest

23.     On August 19, 2020, the CARES Act funding was quickly moved

to the **JAIL TRUST** during the beginning of the County Commissioner's

meeting in which **CALVEY** and **MAUGHAN** tellingly skipped the

normal open remarks, pledge of allegiance, and prior to the arrival of

Commissioner Blumert that happened in 47 seconds at the start of a

meeting before Commissioner Blumert had even entered the room.

24.     On September 2, 2020, the U.S. Treasury Department issued

guidelines that such use of CARE Act funds was improper.    The

Oklahoma County District Attorney's Office echoed this in an informal

opinion to Commissioner **KEVIN CALVEY**.

25.     To date, these CARE Act funds remain unaccounted for and will expire at the end of the year if not used (or obligated).  In the meantime, the taxpaying residents of Oklahoma County, such as **STEVEN BUTLER**, **MARK FAULK**, and **ADRIANA ISIS**, and local businesses such as **THE GREEN ROOM SOUL FOOD STEAKHOUSE, LLC**, will continue to suffer.

## Count I: Request for Declaratory Judgment

26.     Plaintiffs realleges and incorporates by reference all preceding paragraphs as if fully alleged in this paragraph.

27.     This Court has the authority to declare the rights and duties of the parties pursuant to 12 O.S. § 1651.

28.     Although taxpayers generally lack standing to sue, they do have standing to sue when the government uses its revenue to violate the Establishment Clause because the government has exceeded its constitutional limitations on taxing and spending. *Flast v. Cohen*, 392 U.S. 83 (1968)

29.     Taxpayers have standing to sue to enforce the public duties and challenge the Constitutionality of the acts of public officials.  *State ex rel. Howard v. Okla. Corp. Comm'n*, 614 P.2d 45 (Okla. 1980).

30.     The Plaintiffs seek a declaration that Defendants' are not

properly created in its "trust," or in the alternative are not properly

functioning at this time without the Oklahoma County Sheriff or his

designee and cannot distribute and/or receive the federal CARES Act

monies.

31.     Further, Plaintiffs seek a declaration that **THE OKLAHOMA**

**CRIMINAL JUSTICE AUTHORITY ("JAIL TRUST")** is unlawfully

created, or in the alternative, is operating illegally without its own

mandatory member(s) after the resignation of the Sheriff.

32.     Declare that the proposed use of the CARES Act funding to

reimburse the county for the jail capital and the past budget is illegal.

33.     Lastly, the Plaintiffs seek a declaration that the action taken by

the Defendants to deprive Plaintiffs' of their fundamental rights is

arbitrary, unreasonable, and unlawful.

## Count II: Request for Injunctive Relief

34.     Plaintiffs realleges and incorporates by reference all preceding

paragraphs as if fully alleged in this paragraph.

35.     The Defendants movement of the entirety of the CARES Act

money to the Jail Trust should be prohibited until there is a proper

body formulated and that it be only used on proper expenditures as allowed by federal guidance and law.

36.     The Plaintiffs are substantially likely to prevail on the merits of its request for declaratory and permanent injunctive relief.

37.     The Plaintiffs will suffer immediate and irreparable injury, loss and damages, and the Plaintiffs injury far outweighs the injury to the opposing party and the injunction is in the public interest.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs  prays for:

1. This Court to declare that **THE OKLAHOMA CRIMINAL JUSTICE AUTHORITY (JAIL TRUST)** was improperly created, or in the alternative is not properly formed in its current state.

2. This Court to declare that the movement of the federal CARES Act funding to the **JAIL TRUST** is improper.

3. This Court to declare that Defendants possess neither the legal authority nor the power to move or receive the CARES Act funding to the **JAIL TRUST**.

4. This Court to enter a temporary restraining order and/or temporary injunction in favor of the Plaintiffs until the Court can review and decide on it.

5. That Plaintiffs are entitled to its attorney's fees, costs of litigation, and all other damages allowed by law; and any such other relief as the Court may deem proper.

Respectfully submitted,

ROBERT D. GIFFORD, II, OBA No. 17034
**GIFFORD LAW, P.L.L.C.,**
P.O. Box 2682
Oklahoma City, OK 73101
T: 405.778.4647 | F: 877.295.0287
Email: Robert.Gifford@GiffordLawyer.com

*Attorney for the Plaintiffs*

14

# VERIFICATION

STATE OF OKLAHOMA          )
                          ) SS:
COUNTY OF OKLAHOMA     )

I, STEVEN BUTLER, in both my personal capacity and as the legal representative of THE GREEN ROOM SOUL FOOD STEAKHOUSE, of lawful age, being first duly sworn upon his oath, state that I am the Petitioner, in the above and foregoing Petition; that I have read and understand the contents thereof; and that the statements contained therein are true and correct to the best of my information, knowledge and belief.

Subscribed and sworn to before me this 2nd day of November, 2020.



ROBERT D. GIFFORD II
Notary Public
State of Oklahoma
Commission # 18003052  Expires 03/26/22

Notary Public

My commission expires: 3/26/22

Commission No.: 18003052

SEAL

# VERIFICATION

STATE OF OKLAHOMA     )
                                 ) SS:
COUNTY OF OKLAHOMA    )

       I, MARK FAULK of lawful age, being first duly sworn upon his oath, state that I am the Petitioner, in the above and foregoing Petition; that I have read and understand the contents thereof; and that the statements contained therein are true and correct to the best of my information, knowledge and belief.

Subscribed and sworn to before me this 2nd day of November, 2020.



ROBERT D. GIFFORD II
Notary Public
State of Oklahoma
Commission # 18003052 Expires 03/26/22

Notary Public

My commission expires: _3/26/22_

Commission No.: _18003052_

SEAL

## VERIFICATION

STATE OF OKLAHOMA    )
                     ) SS:
COUNTY OF OKLAHOMA   )

I, ADRIANA ISIS of lawful age, being first duly sworn upon her oath, state that I am the Petitioner, in the above and foregoing Petition; that I have read and understand the contents thereof; and that the statements contained therein are true and correct to the best of my information, knowledge and belief.

Subscribed and sworn to before me this 2nd day of November, 2020.

ROBERT D. GIFFORD II
Notary Public
State of Oklahoma
Commission # 18003062  Expires 03/26/22

Notary Public

My commission expires: 3/26/22

Commission No.: 18003052

SEAL