UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE GREEN ROOM SOUL FOOD STEAKHOUSE, LLC, et al., ) ) ) Plaintiffs, ) ) v. ) ) BOARD OF COUNTY COMMISSIONERS ) FOR THE COUNTY OF OKLAHOMA, ) ) Defendant. ) | Case No. CIV-20-1130-J |

### ORDER

Plaintiffs filed suit seeking declaratory and injunctive relief (Compl.) [Doc. No. 1]. Currently before the Court is Defendant's motion to dismiss (Def.'s Mot.) [Doc. No. 14] to which Plaintiffs have responded (Pl.'s Resp.) [Doc. No. 22]. The Court ordered supplemental briefing from all the parties and Defendant responded with additional argument and evidence (Def.'s Supp. Br.) [Doc. No. 26]. Plaintiffs did not respond or otherwise acknowledge the Court's Order.

For the reasons discussed below, Defendant's motion is GRANTED, and Plaintiffs' federal claims are DISMISSED without prejudice. Additionally, the Court DECLINES to exercise supplemental jurisdiction over the state-law claims and DISMISSES them without prejudice.

**I.    Plaintiffs' Claims**

Plaintiffs in this action are The Green Room Soul Food Steakhouse, LLC (Green Room), Steven Butler – Green Room's owner and an Oklahoma County taxpayer, and Mark Faulk and Adriana Laws, Oklahoma County taxpayers. *See* Compl. at 1-5. Plaintiffs have filed suit alleging, under state-law, that (1) the Oklahoma County Criminal Justice Authority (Jail Trust) was illegally formed, and/or (2) the Jail Trust became null and void when a mandatory member resigned and was not replaced. *See id.* at 6-12. Invoking the federal constitution, Plaintiffs further claim that

Defendant, the Board of County Commissioners of the County of Oklahoma,[1] unlawfully distributed the "entirety" of Oklahoma County's Coronavirus Aid, Relief, and Economic Security Act (CARES Act) funds to the Jail Trust. *Id.* at 11-12.

## II.     Standard of Review

Relevant to the Court's analysis below, Defendant seeks dismissal under Fed. R. Civ. P. 12(b)(1). Motions to dismiss under Fed. R. Civ. P. 12(b)(1) generally take one of two forms: "(1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.'" *City of Albuquerque v. U.S. Dept. of the Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002)). Defendant offers both. To the extent Defendant relies on Plaintiffs' allegations, i.e., presents a facial attack, the Court confines its review to the pleadings and accepts as true the allegations in the Complaint. *See Peterson v. Martinez*, 707 F.3d 1197, 1205-06 (10th Cir. 2013). Where Defendant provides outside evidence to support its defense, i.e., a factual attack, the Court "has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020) (citation omitted). The Court may also take "'judicial notice of . . . facts which are a matter of public record[.]'" *Johnson v. Spencer*, 950 F.3d 680, 705 (10th Cir. 2020) (citation omitted).

## III.    Analysis

The Court turns first to Plaintiffs' allegations regarding Defendant's distribution of federal CARES Act funds.

---

[1] This is the only remaining Defendant. *See* [Doc. Nos. 20-21].

A.      **Relevant History and Evidence Presented**

"On March 27, 2020, President Trump signed the [CARES Act], a $2.2 trillion stimulus package, in order to alleviate the incredible economic devastation wrought by the COVID-19 pandemic." *Tradeways, Ltd. v. United States Dep't of the Treasury*, No. CV ELH-20-1324, 2020 WL 3447767, at *3 (D. Md. June 24, 2020). 42 U.S.C. § 801(a)(1) made funding available "to States, Tribal governments, and units of local government." *Id.* Under this section, "[a] State, Tribal government, and unit of local government shall use the funds . . . to cover only those costs of the State, Tribal government, or unit of local government." *Id.* § 801(d).

Under this provision, and as widely published in the media, Oklahoma County received approximately $47 million in CARES Act funds in April 2020, and in August 2020, Defendant designated approximately $34 million for the Jail Trust. In early November, the Jail Trust returned approximately $25 million to Oklahoma County,[2] and Defendant designated approximately $15 million to the Oklahoma County Industrial Authority (OIA), a public trust empowered to promote and encourage industry and commerce for which the County is the beneficiary. *See* Def.'s Supp. Br. at 3 & Ex. 2-3. The OIA was then empowered to create requirements for eligibility, but Defendant mandated that funds would be limited to small businesses operating in Oklahoma County but outside Oklahoma City. *See id.* at 3-4 & Ex. 2-3. The OIA added an additional eligibility requirement for the funds – that businesses had to have been operating on or before February 15, 2020. *See id.* at 4 & Ex. 4; *see also* https://www.okcountygrants.org/ (noting that to be eligible to apply for CARES Act funds, the small business "must have been open prior to February 15, 2020 in a physical location within Oklahoma County limits but NOT within the City of Oklahoma City limits") (last accessed December 10, 2020).

---

[2] The amounts provided are estimates and are included only for context.

Plaintiff Green Room alleges it was a restaurant located in Spencer, Oklahoma. *See* Compl. at 4. However, Defendant provides evidence that Green Room was located at 4428 SE 44th St., which is within the city limits of Oklahoma City. *See* Def.'s Supp. Br. at 5 & Exs. 7-9; *see also* https://www.okc.gov/residents/do-i-live-in-oklahoma-city (searching 4428 SE 44th St.; last accessed December 10, 2020). Additionally, the Court judicially notices that Green Room was not incorporated until March 12, 2020. *See* Oklahoma Secretary of State, https://www.sos.ok.gov/corp/corpInformation.aspx?id=3512825452 (last accessed December 10, 2020).

### B.     Defendant's Standing Defense

Defendant challenges Plaintiffs' standing to sue regarding its distribution of CARES Act funds. *See* Def.'s Mot. at 9-12, 14-15.

"Article III of the Constitution limits the jurisdiction of federal courts to Cases and Controversies." *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1171 (10th Cir. 2007). And "a suit does not present a Case or Controversy unless the plaintiff satisfies the requirements of Article III standing." *Id.* "To establish standing under Article III of the Constitution, a plaintiff must demonstrate (1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Thole v. U.S. Bank N.A*, 140 S. Ct. 1615, 1618 (2020) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (citation omitted). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of establishing these elements. *See id.* at 1547.

### 1. Plaintiff Green Room's Standing

Plaintiff Green Room alleges that it "was forced to cease operations during the COVID-19 pandemic and was refused any assistance of CARES funds . . . ." Compl. at 4. Initially, Defendant argued Green Room lacked standing because its claim to the funds was speculative at best. *See* Def.'s Mot. at 11. In response, Green Room cited *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252 (1977) and *W. Virginia Ass'n of Cmty. Health Centers, Inc. v. Heckler*, 734 F.2d 1570, 1576 (D.C. Cir. 1984) for the proposition that it did not need to prove it was certain it would receive CARES Act funds, so long as they qualified for such funds. *See* Pl.'s Resp. at 6. The Court generally agrees with the interpretation of those cases; however, Defendant has now presented evidence that Green Room: (1) was not eligible for direct disbursement of funds from Defendant because § 801(b) limited distribution to cover "only those costs of the State, Tribal government, or unit of local government;" and (2) would not have been eligible for a grant under the OIA program because the restaurant was located within Oklahoma City and was not operating on or before February 15, 2020. *Supra* at 3-4.

Based on this evidence, the Court finds Green Room cannot demonstrate that Defendant's distribution of funds to the Jail Trust caused it a concrete, actual injury that this Court could redress. So, Green Room lacks standing to challenge Defendant's distribution of CARES Act funds to the Jail Trust.

### 2. Plaintiffs Butler, Faulk, and Law's Standing

Plaintiffs Butler, Faulk, and Law allege standing to challenge the CARES Act funds distribution based on their status as Oklahoma County taxpayers.[3] *See* Compl. at 4-5. The Court agrees with Defendant that this status is insufficient to challenge Defendant's distribution of federal funds.

The Supreme Court has historically held that a federal taxpayer's "interest in Treasury funds is 'shared with millions of others, is comparatively minute and indeterminable, and the effect upon future taxation, of any payment out of the funds, is remote, fluctuating and uncertain.' Accordingly, subject to limited exceptions, federal taxpayers lack standing to enjoin federal spending[.]" *Am. Humanist Ass'n, Inc. v. Douglas Cty. Sch. Dist. RE-1*, 859 F.3d 1243, 1257 (10th Cir. 2017) (citing *Frothingham v. Mellon*, 262 U.S. 447, 487 (1923)). And "[t]he foregoing rationale for rejecting federal taxpayer standing applies with undiminished force to state taxpayers." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 345 (2006).

Because Plaintiffs Butler, Faulk, and Law cite their status as Oklahoma County taxpayers, the Court assumes they rely on municipal taxpayer standing. A sister court best described municipal taxpayer standing this way:

> Municipal taxpayer standing is a bit of a relic in the modern landscape of standing. It derives from *Crampton v. Zabriskie*, in which the Supreme Court held that "there is at this day no serious question" about "the right of resident tax-payers to invoke the interposition of a court of equity to prevent an illegal disposition of the moneys of the county or the illegal creation of a debt which they in common with other property-holders of the county may otherwise be compelled to pay." The Court cited *Crampton* approvingly a half-century later in *Frothingham v. Mellon*, which rejected the proposition that standing to sue the federal government could be based merely on a plaintiff's status as a federal taxpayer. En route to that holding, the Court distinguished between municipal taxpayers, who have a "peculiar relation . .

---

[3] Because Plaintiffs name both Green Room and Butler as separate parties, the Court addresses Green Room's standing as a small business seeking CARES Act funds and Mr. Butler's standing as an Oklahoma County taxpayer.

>. to the municipal corporation, which is not without some resemblance to that subsisting between stockholder and private corporation," and federal taxpayers, any one of whom shares her "interest in the moneys of the treasury . . . with millions of others." It thus left undisturbed "the rule, frequently stated by this court, that resident taxpayers may sue to enjoin an illegal use of the moneys of a municipal corporation."

*Protect Our Parks, Inc. v. Chicago Park Dist.*, 971 F.3d 722, 733 (7th Cir. 2020) (citations and internal brackets omitted).

However, while municipal taxpayer standing is achievable, it is vital that municipal funds are being expended. *See Am. Humanist Ass'n*, 859 F.3d at 1257. As these are federal dollars at issue here, the Court finds Plaintiffs lack municipal taxpayer standing to challenge Defendant's distribution of CARES Act funds.[4] *See Parks*, 971 F.3d at 733 (noting plaintiff lacked any standing as a federal taxpayer, and after concluding no municipal funds were being spent, holding: "For Article III purposes, the plaintiffs are nothing more than 'concerned bystanders,' and concerned bystanders are not entitled to press their claims in federal court.").

## IV.   Conclusion

For the reasons discussed above, the Court finds neither Plaintiff Green Room nor Plaintiffs Butler, Faulk, or Law have constitutional standing to challenge Defendant's distribution of federal CARES Act funds. Defendant's motion to dismiss [Doc. No. 14] is thus GRANTED and Plaintiffs' federal claims are DISMISSED without prejudice. Further, the Court DECLINES to exercise supplemental jurisdiction over Plaintiffs' remaining state-law claims and DISMISSES

---

[4] Even if the funds became municipal once transferred to Oklahoma County, which is not at all certain, the holding would be the same. As discussed above, municipal liability is premised on the theory that municipal residents have a much closer tie to the money their municipality collects in taxes and a much greater chance of injury to property if those funds are misappropriated. *See supra* at 6-7. Here, there is no doubt but that these funds originated from the United States Treasury via federal taxpayer dollars. *See* 42 U.S.C. § 801.

those claims without prejudice.[5]  Plaintiffs' notice regarding a possible conflict of interest [Doc. No. 23] is MOOT.

A separate judgment will issue.

IT IS SO ORDERED this 10th day of December, 2020.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[5] "The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial. This court has followed suit when the claims over which the district court had original jurisdiction are dismissed on pretrial motion, especially when the state claims raise novel issues of state law." *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir. 2020).